UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                    Plaintiff,

                                        Hon. John Corbett O'Meara
                                        Case No. 07-CR-2049-01

Vs.


JAMES FINN,
                    Defendant.
_____/
Jeanine Jones
Asst. United States Attorney
211 West Fort Street, Ste. 2300
Detroit, Michigan  48226
313-226-9100


Sharon A. Payne, P38749
Attorney for James Finn
24566 Southfield Rd.
Southfield, Michigan  48075
248-424-9270
_____/


**DEFENDANT JAMES FINN'S SENTENCING MEMORANDUM**



BACKGROUND

Before the Court for sentencing is Mr. James Finn.  On June 5, 2008 Mr. Finn plead guilty to

Count 2 of the Indictment without a Rule 11 plea agreement.  Count two was a violation of 18 U.S.C.,

Section 2252(a) (2), Receipt of Child Pornography, carrying a possible sentence of 5 years minimum

imprisonment to 20 years maximum and a $250,000.00 fine.  While there was no Rule 11 it was

understood that the Government, at time of sentencing, was prepared to dismiss Count 1, Possession of

Child Pornography, a violation of 18 U.S. C., Section 2252A(a)(5)(B).

1

Before Mr. Finn entered a plea on June 5, 2008 he cooperated with the Government and was debriefed on two occasions by Federal and Canadian authorities.  Mr. Finn provided truthful information on various organizations, having members in both the United States and Canada.  After the two debriefings the Government determined the information did not rise to the level of substantial cooperation and has not filed a Motion for Downward Departure.

Mr. Finn is a 43 year old single male who has no children.  He was raised by his biological parents, Sharon and James Patrick Finn, and has two siblings.  The family moved several times during his youth, first to Indiana, then Alabama where his father worked as a minister. While his parents did not physically or emotionally abuse him, he was molested by an Uncle from the age of three or four until 11 years of age.  The molestation ended when Mr. Finn was 11 and the family moved to Indiana where his father became a church minister.  The family subsequently moved to Alabama when his father became employed there as a pastor.  When Mr. Finn was 14 his parents divorced and he relocated once again with his mother to Iowa.

Mr. Finn spent his high school years in Iowa graduating with a 3.38 grade point average. Following high school he enlisted in the United States Marine Corps Reserves and following boot camp he briefly attended Iowa State University.  He did not make a successful adjustment to campus life, and withdrew his freshman year before finals, returning home to join the United States Air Force in 1984. While in the Air Force Mr. Finn attended The Defense Language Institute in San Antonio, Texas and studied Russian.  Following his graduation he worked as a Russian linguist.  In 1996 he was court martialed for desertion as he had been AWOL for several years, and ultimately received a dishonorable discharge.

Currently Mr. Finn is estranged from his mother and siblings due to his homosexuality.  He attempted suicide while in the Navy and has not received mental health counseling from either the military or any private agency.  Additionally Mr. Finn has acknowledged a substance abuse problem,

2

beginning with alcohol at age 19 through 25 and experimenting with marijuana at age 19.  In his early 30's Mr. Finn began to use marijuana on a regular basis which continued for the next ten years.  He has never received any substance abuse counseling and would benefit from a program while incarcerated.

Following his dishonorable discharge from the Navy Mr. Finn relocated to Montreal, Canada where he lived from 1998 until 2002.  He was employed by Ganymede Technologies as a computer consultant. When his romantic relationship ended Mr. Finn returned to Lincoln Park, Michigan where he resided with, and has been employed by, his father   Mr. Finn, Jr. has a construction company, which specializes in restoration and new construction with brick, stone and block concrete.  Mr. Finn has worked with, and taken care of, his father for several years.  Attached to this memorandum is a letter from Mr. Finn, Jr. detailing the progress Mr. Finn has made learning his business and assisting him both professionally and personally.

Although Mr. Finn, Jr. made the initial call to the authorities leading to the arrest of his son, for possessing child pornography on his computer, he remains his staunchest supporter, in fact his only support system; the Defendant having been abandoned by his mother who failed to protect him as a child and now shuns him due to his homosexuality.  Mr. Finn, Jr. has appeared at all court hearings and is anxious to assist his son in moving forward once he is released from custody.  At age 65 he in currently in ill health and suffers from heart disease.   Prior to his arrest Mr. Finn was responsible for cooking the meals and monitoring his father's diet and medication.

<u>The Court should make a downward departure based upon family circumstances.</u>

Mr. Finn is not only employed by his father, James Finn, Jr., but is also his caregiver.  While his father is able to live unassisted he is 65 years of age and has had two heart attacks; one in 2006 and another in 2007, requiring the implantation of stints during both episodes.  Prior to his arrest Mr. Finn was able to monitor both his diet and medication.  The loss of his business associate and caregiver has

impacted Mr. Finn Jr. adversely and a lengthy sentence would serve to impose a hardship on the father as well as the son.

Section 5K2.0 speaks to Grounds for Departure and allows a downward departure for grounds not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.  Family circumstances are not taken into consideration by the Sentencing Commission.  In this particular set of facts you have a situation where an individual has plead guilty to using a computer to possess child pornography, not abusing children.  This crime does not involve the Defendant taking any action to abuse children but speaks exclusively to using a computer to possess pornographic images involving children. There is no provision in the guidelines which addresses the negative impact which occurs when a son and a father who work and live together are separated by a lengthy sentence of imprisonment.  The guidelines, as calculated by the Probation Department, recommend a sentence of incarceration of 97-121 months. This recommendation exceeds the mandatory minimum imposed by the statute by 37 months.

Mr. Finn attempted to obtain a 5K motion from the Government by his truthful cooperation.  He was debriefed several times by Federal and Canadian authorities; however the information he provided is not considered substantial by the Government.  That was the sole avenue provided by the 2007 guidelines under which Mr. Finn could have warranted a downward departure. Thus the family circumstances present in Mr. Finn's case were not adequately considered by the Sentencing Commission and should be considered by this Court in fashioning an adequate sentence for Mr. Finn.

<u>SENTENCING CONSIDERATIONS PURSUANT TO 18 U.S.C., SECTION 3553</u>

The above statute sets forth criteria to guide the Court when imposing sentence.  The Court should consider all the factors under this statute.

    1.  **The nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Mr. Finn has no prior criminal record and was convicted of receiving child pornography on his computer located in the basement of his home.  He did not personally view all the images he was held accountable for in the Relevant conduct section of the presentence report and saw perhaps one-half of the images on the computer.  The guidelines fail to distinguish between the photos and/or videos actually seen by Mr. Finn and those his computer was in the process of downloading.  Thus Mr. Finn is held accountable for more than 600 images of child pornography and incurred a 5 point increase in his base offense level.  The guidelines do not accurately address the wrongful conduct of the individual but make a tally of images found and generate a recommended sentence based upon numbers, not conduct.

Before the Court is an individual who at the time of his arrest was gainfully employed, and providing household assistance to his father.  He accepted responsibility for his actions by pleading guilty and even attempted to assist the Federal Government.  To impose a guideline sentence of 97-121 months serves no useful purpose and would be greater than necessary.

## 2.  **The Need for the Sentence Imposed.**

The subsection has many subparts which speak to the seriousness of the offense: deterrents, protection of the public, providing the defendant with educational training, medical care and the type of sentences available.  Given the behavior of the Defendant Finn a 97-121 month sentence would be excessive.  A sentence of this duration would not provide any greater a deterrent to criminal activity or a greater protection of the public than a sentence of 60 months.  A sentence of 60 months, given the responsibility Mr. Finn has taken for his actions, his  assistance given to the Government and his importance to his family, would impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

Respectfully submitted,


/s/Sharon A. Payne
Sharon A. Payne, P38749

5

Attorney for James Finn
24566 Southfield Rd.
Southfield, Michigan  48075
248-424-9270
waskeandpayne@aol.com

Dated:  August 26, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following: AUSA Jeanine Jones and Kim Crova, United States Probation Officer.

/s/Sharon A. Payne
Sharon A. Payne, P38749
Attorney for James Finn
24566 Southfield Rd.
Southfield, Michigan  48075
248-424-9270
waskeandpayne@aol.com

Dated:  August 26, 2008